United States Court of Appeals,

Eleventh Circuit.

No. 93-8269.

Tremain SPIVEY, Plaintiff,

Shirley Spivey, as next friend for Tremain Spivey, Plaintiff-Appellant,

v.

Michael ELLIOTT;  Lynn Crothers;  Wilma Davis, Carolyn Mitchell, Defendants-Appellees.

Jan. 11, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 4:90-cv-325-HLM), Harold L. Murphy, Judge.

ON SUA SPONTE RECONSIDERATION

Before HATCHETT and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

In this 42 U.S.C.A. § 1983 action against two officials of the state-operated residential school for the hearing impaired where an eight-year-old plaintiff was sexually assaulted by a thirteen-year-old fellow classmate, we affirmed a summary judgment in favor of the defendants on the ground of qualified immunity. *Spivey v. Elliott,* 29 F.3d 1522 (11th Cir.1994). The panel majority first determined that a special relationship existed between the student and the state that imposed a constitutional duty on the state to protect the student from sexual assault by a classmate, but then determined that the right was not clearly established at the time. Judge Cox dissented on the ground that the complaint did not allege a violation of a constitutional right.

After the divided panel issued that opinion, although no

petition for rehearing or suggestion of *en banc* was filed, the mandate was withheld. Some judges of this Court questioned the propriety of making a decision as to whether the violation of a constitutional right had been alleged, suggesting that it was only necessary to determine that there was no "clearly established" constitutional right alleged. Consequently, this panel decided *sua sponte* to readdress its prior opinion.

In our opinion, the panel majority had followed the perceived teachings of *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), in which the Supreme Court indicated that faced with this situation a court should first determine whether there is a statutory or constitutional right implicated, and if so, whether that right was clearly established at the time. Upon reconsideration on the suggestion of other members of this Court, we now think it enough to decide that there was no clearly established constitutional right allegedly violated by the defendants.

The defendants are entitled to qualified immunity if it is determined that the legal precedents do not reveal that the defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

Since a plaintiff must show both that there is a constitutional right that is allegedly violated and that the right was clearly established at the time, a negative decision on either prevents the plaintiff from going forward. Once it is determined

that there is no clearly established right, the Court could well leave for another day the determination as to whether there is such a right, albeit not one that a reasonable person would have known. It is the plaintiff's burden to show that when the defendants acted, the law established the contours of a right so clearly that a reasonable official would have understood his acts to be unlawful. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

This exercise is probably of more interest to the bench and bar for future cases than to the parties in this particular case. Once there has been a determination that there is no "clearly established" right, the parties can accomplish little in pursuing the question of whether there is a right at all. The same parties will win and the same parties will lose regardless of the court's decision on that point. Those who differ with the decision of the court could write it off as dictum. No judge has suggested to this panel that the decision of the district court should not be affirmed.

With the case in this posture, it would be an expensive imposition on the parties to put this case *en banc* to resolve whether a constitutional right has been implicated, or to determine a different method of analysis than that used by the panel majority, points as to which Judge Cox differed in his dissent. In any event, a determination of whether a right is clearly established will always require no more, and will often require less, analysis than is required to decide whether the allegedly violated constitutional right actually exists in the first place.

Moreover, deciding the case on the "clear establishment" element comports with the well-established principle of disfavoring reaching substantive constitutional issues if a case can be resolved on other grounds.

This is not to say that should a court determine that it is appropriate to first decide whether there has been a constitutional right alleged, it may not do so. But in the interest of efficiency and collegiality on this Court, where there are differing views as to the substantive right, this panel has chosen to withdraw all of its prior opinion which relates to whether the complaint alleges a constitutional right so that the opinion will serve as no precedent on that issue. The opinion is fully reaffirmed, however, on the holding that there was no constitutional duty clearly established at the time of the sexual assault, so the defendant officials were properly entitled to qualified immunity.

AFFIRMED.